IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER HIMMELREICH, : | |
|     Petitioner : | No. 1:05-CR-214 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| UNITED STATES OF AMERICA, : | |
|     Respondent : | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Walter Himmelreich's motion for reconsideration of this Court's March 14, 2012 order (Doc. No. 174) denying his motion for the production of documents. (Doc. No. 175.) For the reasons that follow, the Court will deny Petitioner's motion for reconsideration.

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to present manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is warranted where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other

1

grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

On March 5, 2012, Petitioner filed a motion requesting several documents "without fee or cost" for use in preparing a writ of error coram nobis pursuant to 28 U.S.C. § 1651. (Doc. No. 173.) Specifically, Petitioner requested transcripts from grand jury proceedings, transcripts from arraignment hearings, case notes from an agent with the Federal Bureau of Investigation, copies of the undersigned's case file notes and all other written case file notes and investigative notes. (Id.) Petitioner asserted that these documents were necessary to aid him in filing a writ of error coram nobis. On March 13, 2012, the Court denied Petitioner's motion, reasoning that he was not entitled to the documents as a matter of law because the provision of transcripts without cost requires an open criminal proceeding. (Doc. No. 174 (citing 28 U.S.C. §§ 753(f), 2250).) The Court also noted that some of the requested documents, such as the undersigned's notes from the case, were privileged and not discoverable. (Id.)

Petitioner has failed to demonstrate that reconsideration is warranted. In his motion, Petitioner does not argue that controlling case law has changed, he does not present new evidence that did not appear in his initial motion, and he does not argue that the Court erred in its initial findings of fact or law. See Max's Seafood Café, 176 F.3d at 677. Thus, Petitioner has

2

not met the burden of demonstrating grounds which would support reconsidering the initial decision to deny his motion for documents.  Instead, Petitioner uses his motion for reconsideration to preemptively advance the merits of his petition for writ of error coram nobis and restate unsuccessful theories advanced in his initial motion for documents.  (Doc. No. 175; see also Drysdale, 153 F. Supp. 2d at 682.)

**ACCORDINGLY**, on this 30th  day of April, 2012, **IT IS HEREBY ORDERED THAT**, Petitioner's motion for reconsideration (Doc. No. 175) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania